# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KENNETH L. COMBS,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-3074**
**CRIM. NO. 2:19-CR-138**
**JUDGE SARAH D. MORRISON**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 359.) This matter is before the Court on to its own motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that the Motion to Vacate (ECF No. 32) be **DISMISSED.**

### I.    BACKGROUND

On June 13, 2019, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with the intent to distribute fentanyl, methamphetamine, oxycodone, and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (ECF Nos. 11, 14.) On September 18, 2019, the Court imposed a term of 120 months' imprisonment, to be followed by three years of supervised release. (*Judgment*, ECF No. 29.) Petitioner did not file an appeal.

On June 17, 2010, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. He asserts, as his sole ground for relief, that the government failed to establish his guilt of illegal possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), due to a lack of evidence

demonstrating that Petitioner knew that he could not possess a firearm due to his status as a convicted felon.  For the reasons that follow, this claim plainly does not provide a basis for relief.

## II.     STANDARD OF REVIEW

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack."  *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).  In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2006).  However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)).  Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process.  Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is "actually innocent" of the crime.  *Ray v. United*

*States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted)).

### III. APPLICATION

In *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), the United States Supreme Court held that the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" in order to obtain a conviction under § 922(g)(5), which bars illegal aliens from possession of firearms.[1] *Id*. at 2200. Applied here, *Rahaif* required the Government to establish that Petitioner knew he was a felon. *United States v. Hobbs*, 953 F.3d 853, 855 (6th Cir. 2020). In other words, "the government need only establish that the defendant knew he had 'been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year,' *i.e.* a felony." *United States v. Sargent*, No. 4:15-cr-20767, 2020 WL 2085088, at *3 (E.D. Mich. Apr. 30, 2020) (citing *Hobbs,* 953 F.3d at 856 (quoting 18 U.S.C. § 922(g)(1)). However, the government did not need to prove that Petitioner knew that his status as a convicted felon prohibited him from the possession of firearms in order to establish his guilt under § 922(g)(1). "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). "Thus, while the Government's burden includes proof that the defendant was aware of his 'relevant status,' meaning that he knew that he was 'a felon, an alien unlawfully in this country, or the like,' [] it does not include proof that the defendant specifically knew that

---

[1] The Supreme Court declined to express any view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other 922(g) provisions[.]" *Rehaif,* 139 S.Ct. at 2200.

3

he was prohibited from possessing firearms." *Clark v. Gilley*, No. 6:20-076-DCR, 2020 WL 1644022, at *3 (E.D. Ky. Apr. 2, 2020) (citing *Rehaif*, at 2195-96; *Bowens*, 938 F. 3d at 797).

Moreover, Petitioner waived his right to challenge the government's ability to prove its case against him by entry of his guilty plea. *See Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002, at *4 (M.D. Tenn. May 6, 2020) (citing *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea."). "[T]he government was not required to prove anything with respect to [Petitioner's] conduct because he admitted all of the facts essential to sustain his conviction when he agreed to plead guilty." *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)).

Petitioner admitted his guilt to illegally possessing firearms subsequent to two prior felony convictions. In view of his guilty plea, he cannot now complain that the United States failed to prove the facts necessary to sustain this conviction.

### IV.   DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 32) be **DISMISSED.**

## **PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                 /s/ *Chelsey M. Vascura*
                                                 CHELSEY M. VASCURA
                                                 UNITED STATES MAGISTRATE JUDGE