UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

    :

Case No. 2:19-cr-138
Judge Sarah D. Morrison

**KENNETH LAMARK COMBS,**

    :

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Kenneth Lamark Combs's *pro se* Motion for Compassionate Release. (ECF No. 42.) The Government opposes. (ECF No. 43.) A court may reduce a term of imprisonment if it: (i) finds that "extraordinary and compelling reasons" warrant the reduction; (ii) ensures the reduction is "consistent" with applicable Sentencing Commission policy statements; and (iii) considers the relevant 18 U.S.C. § 3553(a) factors. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). On an inmate-filed motion for compassionate release, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

Mr. Combs asks the Court to reduce his 120-month sentence be reduced to a sentence of 57–71 months. (ECF No. 42.) He states that (i) his mother, who is the sole caregiver for Mr. Combs's child, has become ill and can no longer care for the

child, and (ii) he has been rehabilitated, as shown by his successful completion of programming and participation in prison life. (*Id.*) He also argues that the Court committed a legal error at sentencing. (*Id.*) For the reasons below, Mr. Combs has not presented extraordinary and compelling reasons for a sentence reduction.

*Family Circumstance*. Mr. Combs first argues that his release would "provide stability and mental comfort to his mother and his children." (ECF No. 42, PAGEID # 152.) This Court has declined to find that a defendant's ailing parent constitutes an "extraordinary and compelling reason" justifying release. *See United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305 (S.D. Ohio July 16, 2019) (Sargus, J.) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (looking to the ordinary meaning of "extraordinary and compelling"). The analysis is different with respect to caring for a minor child, however:

> Section 1B1.13 [of the Sentencing Guidelines] identifies the "death or incapacitation of the caregiver of the defendant's minor child or minor children" as constituting "extraordinary and compelling" familial hardship. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(C). Since the First Step Act was enacted, courts also consider whether the need for a caretaker is so dire that the inmate is the only feasible option and the best interests of the child. *See, e.g.,* [*United States v. London*, No. 3:17-cr-176, 2021 WL 1379394, at *1 (M.D. Tenn. Apr. 12, 2021)]; *United States v. Davis*, No. 2:13-cr-46, 2021 WL 829367, at *8 (E.D. Tenn. Mar. 4, 2021); *United States v. Seals*, 509 F. Supp. 3d 259, 263 (E.D. Pa. Dec. 22, 2020). Defendant, therefore, must demonstrate (1) his mother is incapacitated and unable to care for herself or her grandchild[] and (2) Defendant is the only able, and best-suited, caretaker for his child[]. *Davis*, 2021 WL 829367, at *8.

*United States v. Hunter*, No. 3:19-CR-182, 2021 WL 4942168, at *3 (S.D. Ohio Oct. 22, 2021) (Newman, J.).

Mr. Combs presents no evidence of his mother's condition, its severity, or her prognosis. He also fails to establish that he is the only other available caregiver for the child. Mr. Combs mentions that the mother of two of his children (of whom neither he nor his mother has custody) "is a drug addict," but he says nothing about the mother of the child in his own mother's care. He states, without evidence, that the child will enter foster care if his motion is not granted—but does discuss why no other kin (paternal or maternal) could care for the child short of foster care. On this record, Mr. Combs has not cleared the high bar for a sentence reduction based on family circumstances.

*Rehabilitation*. Mr. Combs next argues that his productive contributions to prison life and participation in programming warrant a sentence reduction. While the Court is pleased to hear of Mr. Combs's hard work while incarcerated, and encourages him to continue that work, his rehabilitation alone cannot support a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

3

*Sentencing Error*. Finally, Mr. Combs argues that the Court committed legal error at his sentencing. This argument must be made in a direct appeal or a motion under 28 U.S.C. § 2255[1]; it is not appropriate in, nor does it meet the standard for, a motion for compassionate release. *United States v. West*, 70 F.4th 341, 346–47 (6th Cir. 2023).

Mr. Combs's Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Mr. Combs previously filed a motion under 28 U.S.C. § 2255. (ECF No. 32.) The motion was dismissed for failure to state a basis for relief. (ECF No. 34)